ROBERT P. ANDRIS (SBN 130290)
LAEL D. ANDARA (SBN 215416)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: randris@rmkb.com
    landara@rmkb.com

Attorneys for Defendant
HEAVEN HILL DISTILLERIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RARE BREED DISTILLING LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HEAVEN HILL DISTILLERIES, INC., a Kentucky Corporation, et al.,<br><br>Defendants. | CASE NO. CV-09-4728 EDL<br><br>**DEFENDANT HEAVEN HILL DISTILLERIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE OF WITNESSES [28 U.S.C. § 1404(a)]**<br><br>Date: **January 12, 2010**<br>Time: **2:00 p.m.**<br>Ctrm: **E, 15th Floor**<br>**Magistrate Judge Elizabeth D. Laporte** |

Defendant Heaven Hill Distilleries, Inc. hereby submits the following reply brief in support of its motion to transfer this action from the Northern District of California to the Eastern District of Kentucky for the convenience of the witnesses under 28 U.S.C. § 1404(a).

I.

**PLAINTIFF IGNORES THE FACT THE ACCUSED PRODUCT HAS NEVER BEEN SOLD IN CALIFORNIA**

Plaintiff studiously ignores the fact that the Evans Williams Honey Reserve product has never been marketed or sold in California. Since the trademark laws protect against the use of a mark in a manner that causes <u>confusion</u> as to the source or sponsorship of the goods involved, as a matter of law, and since the accused products were not sold in California, none of the allegedly infringing conduct occurred in California. California consumers could not have been confused by

1  Heaven Hill's use of the Evan Williams Honey Reserve mark, and California has little or no
2  interest in this matter.

3      Instead, while the Wild Turkey brand has recently changed hands more than once, both
4  Rare Breed and Heaven Hill have a long history in Kentucky.  Both products are manufactured in
5  Kentucky, both companies list Kentucky as their principal place of business, and both ship their
6  products from Kentucky.  While the Wild Turkey brand is now a cog in a multi-national
7  conglomerate, any goodwill built up around the Wild Turkey brand arose in Kentucky.  Unlike
8  California, Kentucky clearly has a strong interest in the instant dispute.

## II.

### ON BALANCE, THE CONVENIENCE OF THE WITNESSES WEIGHS IN FAVOR OF TRANSFER TO KENTUCKY

12      In an effort to bolster its "shifting the inconveniences" argument, Rare Breed identifies
13  fourteen witnesses which it asserts "may" be called in this trademark dispute.  While the
14  Wild Turkey distillery has a history in Kentucky stretching back more than 100 years, and while
15  the records of the Secretary of State of Kentucky indicate that Kentucky is Rare Breed's principal
16  place of business, somehow none of the witnesses that "might" be potentially called by plaintiff
17  are located in Kentucky.

18      Despite the incredulity of this argument, when examined closely, plaintiff's declarations
19  reveal that the vast majority of the witnesses discussed are either employees of or affiliated with
20  plaintiff.  Specifically, Shawn Conway, Franco Peroni, Sarah Petrik, Andrea Conzonato,
21  Joseph Uranga, Matthew Diegen, Matt Davenport, David Lee, Justin Pearce, James McLachlan,
22  and Daniel Moraro are all either employees of Skyy or Rare Breed.  Since they are employees or
23  affiliated with plaintiff, the Court should assume that they would be available for testimony in
24  either venue (i.e., either in the Northern District of California or the Eastern District of Kentucky)
25  to the extent they are needed by plaintiff at the trial.  Thus, these eleven employees add little to no
26  weight to the instant analysis.

27      The third party witnesses mentioned in the declarations (i.e., Steve Walkerwicz,
28  Andy Nesle, and Legacy Marketing) again add little if anything to this analysis.  Walkerwicz and

Nesle were employed by Pernod during a time period before the accused Heaven Hill products were introduced into the market. While these witnesses may be of some interest from a historical standpoint, they have nothing to do with the real issue in this case; i.e., does the Evan Williams Honey Reserve product cause confusion in the marketplace with the Wild Turkey American Honey product? Since these witnesses are employees of a company that did not own the Wild Turkey brand at the time the accused product was on the market, they have little to offer regarding the potential for confusion in this case.

In addition, the Court should reject as unfounded the declarants' bald assertion that it is somehow more convenient for a person to travel from New York to California than it is to travel from New York to the Eastern District of Kentucky. Reference to the flight schedules of any of the major airlines and websites which provide driving directions demonstrates that, in fact, the travel time to get to the court house in the Eastern District of Kentucky via the three major airports servicing the Frankfort area (i.e., the Lexington, Louisville and Cincinnati airports) from New York is approximately five hours while it takes at least seven hours to get to the Northern District of California. See, Supplemental Andris Declaration, Exhibits J through Q, attached thereto.

Instead, the most significant witnesses in this dispute are those with actual experience in the placement of these products in the marketplace. As outlined in the Emmanuel, Sparrow and Fisher declarations, the actual brokers of the accused product live in Alabama, North Carolina and Oklahoma. Each of these brokers has indicated they would travel to the Eastern District of Kentucky to testify regarding product placement and consumer confusion. The "quality" of these witnesses and their importance to the true issues in this case far outweighs the "quantity" of company witnesses which plaintiff has control over and may choose to call in its case in chief.

///
///
///
///
///

RC1/5462746.1/MC2 - 3 - REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER FOR CONVENIENCE OF WITNESSES - NO. CV-09-4728 EDL

### III.

### **CONCLUSION**

Based on the foregoing, it is respectfully submitted that the Court should use its discretion and transfer this motion from the Northern District of California to the Eastern District of Kentucky.

Dated: December 29, 2009                                ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Robert P. Andris
    ROBERT P. ANDRIS
    LAEL D. ANDARA
    Attorneys for Defendant
    HEAVEN HILL DISTILLERIES, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5462746.1/MC2                - 4 -                REPLY BRIEF IN SUPPORT OF MOTION TO
                                                      TRANSFER FOR CONVENIENCE OF
                                                      WITNESSES - NO. CV-09-4728 EDL